**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

THOMAS E. PEREZ )
SECRETARY OF LABOR, )
UNITED STATES DEPARTMENT OF )
LABOR, )
)
        Petitioner, )
)
  v. )     Case No. 1:14-cv-3143-SCJ
)
ANTICO FOODS, LLC, and )
GIOVANNI DIPALMA, )
)
        Respondents. )
_____)

## <u>RESPONDENTS' OPPOSITION TO PETITIONER'S</u> <u>APPLICATION FOR A TEMPORARY RESTRAINING</u> <u>ORDER AND ORDER FOR RESPONDENTS TO SHOW CAUSE</u> <u>WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE</u>

## I.    INTRODUCTION

The Secretary of Labor's (the "Secretary") request for an unprecedented gag

order that would prevent Respondents ***and their attorneys*** from communicating

with Respondents employees, and to invade and disrupt Respondents' business by

directly addressing Respondents' employees, must be denied, as: (1) this

proceeding and the relief requested therein are the product of gross overreaching

by the Secretary that deprives Respondents of fundamental due process rights; (2)

the Secretary's request is procedurally improper and the Court lacks jurisdiction to entertain it; (3) the Secretary cannot meet the high standard for the relief sought at all, much less with rank hearsay from undisclosed witnesses; (4) the overreaching relief sought by the Secretary violates Respondents' First Amendment and other rights; and (5) Respondents already offered to agree to all of the *reasonable* "relief" sought by the Secretary, which the Secretary declined.

First, despite Respondents' full cooperation with a wage and hour investigation by the Department of Labor ("DOL"), including providing the DOL with all records they requested and Respondent Giovanni DiPalma and the company's accountant sitting for depositions, the Secretary prepared and filed this action before ever asking Mr. DiPalma or his accountant about the matters alleged in the Secretary's application for preliminary injunctive relief. Indeed, the Secretary filed this action on September 30, but chose not to disclose that fact to Respondents until the conclusion of Mr. DiPalma's and his accountant's deposition the next day, when the Secretary's counsel ambushed Respondents by handing their counsel a copy of the moving papers, giving Respondents less than 48 hours to respond. Further, when Respondent's counsel asked the Secretary for a copy of Mr. DiPalma's deposition transcript pursuant to Federal Rule of Civil Procedure 26(b)(3)(C), the Secretary took the position that Respondents were not entitled to

same.  (*See* Declaration of Nathan D. Chapman ("Chapman Dec.") ¶¶ 5-6 & Exs. A-B.)  The Secretary's outrageous tactics are a heavy-handed attempt to prejudice Respondents' defense and deny them due process.  The Court should not countenance these inequitable tactics and should therefore deny the Secretary's request for equitable relief.

Second, even if the Secretary had not blindsided Respondents and attempted to trample their due process rights, the Secretary's Motion should be denied because it is procedurally improper.  That is, as the Secretary's counsel has fully admitted, ***the Secretary has not filed a complaint against Respondents or asserted any actual cause of action against them***.  (*See* Chapman Dec. ¶ 6 & Ex. B.) Instead, the Secretary has filed an "application" seeking only preliminary injunctive relief.  No authority exists, however, that would allow the Secretary to pursue a standalone request for alleged "preliminary" relief without a complaint establishing an underlying cause of action.  Instead, a "preliminary injunction" is, by its own terms, just that—preliminary to the ultimate adjudication of the merits of properly pleaded claims that put the defendant on notice of the allegations against it.  Here, however, the Secretary's request for a "preliminary" injunction is, in reality, a request for a permanent injunction against Respondents, without due

process, as to claims that have not been pleaded against them. The Court should deny the Secretary's request on this basis alone.

Third, even assuming that this Court had jurisdiction to entertain the Secretary's improper request, the Court should deny the request because it is based on rank hearsay from undisclosed purported witnesses and does not come close to meeting the strict requirements for a preliminary injunction. Indeed, the Secretary's only "evidence" supporting his request to prohibit Respondents—***and their attorneys***—from speaking with witnesses consists of two murky affidavits from Wage and Hour Investigators ("WHIs") containing unsubstantiated accusations of wrongdoing that were purportedly reported to them by unidentified former or current employees of Antico. The Secretary's affidavits contain no details regarding which of Antico's employees were allegedly terminated, retaliated against or threatened with retaliation, where or when such actions are alleged to have taken place, or what Respondents are alleged to have actually said or done to any particular employee.[1] Moreover, the Secretary's tactics deprive Respondents of their constitutional right to fairly defend against the Secretary's accusations, including their rights to know the identities of their purported accusers and confront them in these proceedings. The Secretary cannot be permitted to

---

[1] Respondents categorically deny the allegations of wrongdoing in these hearsay affidavits.

tarnish Respondents' reputation, muzzle any sort of response or investigation, and interfere with their business based on such evidence.

Finally, even if the Court was to determine that the Secretary was entitled to relief, it should deny the Secretary's overreaching request to shackle Respondents with an order that would disrupt Respondents' workplace and prevent Respondents' attorneys from speaking with Antico's employees who may be witnesses in this case. Indeed, such relief is particularly inappropriate because Respondents already offered to agree to all but the most overreaching of the relief sought by the Secretary. That is, because Respondents have cooperated with the Secretary and intend to continue to do so, Respondents offered to consent to the following:

This cause came on for consideration upon the parties' consent to the entry of this Order, without further contest, to compromise the present issues before the Court and avoid the needless expenditure of time and resources.

Whereas, Thomas E. Perez, Secretary of Labor, United States Department of Labor (hereinafter "DOL"), filed the above-captioned matter asserting that Defendants have retaliated against and intimidated employees of Antico Foods, LLC in connection with an ongoing wage and hour investigation by the DOL;

Whereas, Defendants deny the accusations and specifically deny interfering with any DOL investigation, deny that they have at any time intimidated or retaliated against any of their employees for participating with any DOL investigation;

Whereas, Defendants intend to continue to follow the law, cooperate with the DOL investigation, and to continue to not retaliate, intimidate, or interfere with any DOL investigation; and

Whereas, Defendants desire to resolve this matter expeditiously and without further delay and without further interruption to Defendants' business, Defendants agree to the following:

Upon consent by the DOL and Defendants Antico Foods, LLC, and Giovanni DiPalma (hereinafter "Defendants"), it is ORDERED that Defendants, as well as their agents, servants, employees and all persons in active concert or participation with them who receive actual notice of such Order, are enjoined from violating the provisions of the Fair Labor Standards Act, 29 U.S.C. §§201, et. seq., as follows:

1. Respondents agree that they will not terminate or threaten to terminate, cause any employee to be deported or threaten to cause any employee to be deported, or retaliate or discriminate in any way against current and former employees of Antico Foods, LLC based on Respondents' belief that an employee spoke with, or intends to speak with, a Department of Labor Wage and Hour investigator, filed a complaint with the Department of Labor, or cooperated in any way in the Wage and Hour investigation currently being conducted of Antico Foods, LLC;

2. Respondents agree that they will not tell anyone who works for them not to speak to representatives of the Department of Labor or to provide false information to the Department of Labor or otherwise coerce employees to make false statements regarding the terms and conditions of their employment;

3. Defendants will not obstruct the Department of Labor's investigation of Antico Foods, LLC in any manner;

4. Defendants will permit a designee of the DOL to read aloud in English and Spanish the following statement, to all employees of Defendants

during paid work hours and outside of customer hours, informing them of their right to speak, without retaliation or threats of retaliation or intimidation, with DOL investigators regarding the instant investigation:

> You are protected by the Fair Labor Standards Act and have the right to participate freely in the U.S. Department of Labor's investigation into your employer's pay practices. You have the right to speak freely with investigators or other officials from the Department of Labor. Your employer is prohibited from retaliating and will not retaliate against you in any way, including termination of your employment, because you spoke with the Department of Labor.

> *Usted está protegido por la Ley de Normas Justas de Trabajo y tiene el derecho de participar libremente en la investigación del Departamento de Trabajo sobre las prácticas de pago por parte de su patrono. Usted tiene el derecho de hablar libremente con investigadores u otras personas del Departamento de Trabajo. Su empleador está prohibido de hacer represalias contra de usted de cualquier manera incluyendo la terminación de usted, porque usted habló con el Departamento de Trabajo.*

5. Defendants will post at each Antico Foods, LLC worksite a hard copy of the statement referred to in ¶ 4 above, in both English and Spanish;

6. Giovanni DiPalma will not speak to employees of Antico Foods, LLC regarding any communication any employee has or will have with the Department of Labor about the pending investigation of Antico Food, LLC by the Wage and Hour Division.

Further evidencing his overreaching and heavy-handed tactics, the Secretary rejected Respondents' offer, necessitating this response.

Accordingly, as set forth more fully below, the Court should dismiss this action for want of jurisdiction and/or deny the Secretary's application for a

preliminary injunction. In the alternative, if the Court is inclined to provide the

Secretary with any relief, it should adopt Respondents' proposal, permitting

Respondents' attorneys to investigate and defend against the Secretary's claims.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. The Applicable Legal Standard.

A preliminary injunction is an "extraordinary and drastic remedy." *Zardui–*

*Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir.1985). To obtain such relief,

the movant must satisfy all four elements of a four-part test: (1) a substantial

likelihood of success on the merits of the underlying case, (2) the movant will

suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the

movant in the absence of an injunction would exceed the harm suffered by the

opposing party if the injunction issued, and (4) an injunction would not disserve

the public interest. Fed. R. Civ. P. 65.

The purpose of a preliminary injunction is "merely to preserve the relative

positions of the parties until a trial on the merits can be held." *U.S. v. Lambert*,

695 F.2d 536, 539-40 (11th Cir. 1983) (*quoting Univ. of Texas v. Camenisch,* 451

U.S. 390, 395 (1981)). "Because a preliminary injunction is 'an extraordinary and

drastic remedy,' its grant is the exception rather than the rule, and plaintiff must

clearly carry the burden of persuasion." *Id.* at 539; *see also Siegel v. LePore*, 234

F.3d 1163, 1179 (11th Cir. 2000). In addition, a plaintiff seeking equitable relief must come to the Court with clean hands. It is an elementary proposition of equity jurisprudence that one who seeks equity must do equity; that one who comes into equity must come in with clean hands. *Local Union No. 1055, Int'l Bhd. of Elec. Workers, AFL-CIO v. Gulf Power Co.*, 182 F. Supp. 950, 953-54 (N.D. Fla. 1960) (denying request for injunctive relief where plaintiff acted inequitably in response to employer's alleged breach of contract).

"As a general rule, a preliminary injunction should not issue on the basis of affidavits alone. . . . Moreover, a district court should be wary of issuing an injunction based solely upon allegations and conclusory affidavits submitted by plaintiff." *Atari Games Corp. v. Nintendo of America, Inc.*, 897 F.2d 1572, 1575 (Fed. Cir. 1990) (citations omitted); *see also Fairfield Resorts, Inc. v. Fairfield Mountains Property Owners Assoc., Inc.*, 2007 WL 186537, 4 (W.D.N.C.) (W.D.N.C.,2007); *Duke v. Cleland*, 783 F. Supp. 600, 605 (N.D. Ga. 1992), *aff'd*, 954 F.2d 1526 (11th Cir. 1992) ("A conclusory statement with no cited authority is hardly an argument worthy of a preliminary injunction."); *Cornish v. Dudas,* 540 F. Supp. 2d 61, 65 (D.D.C. 2008) (denying plaintiff's motion for preliminary injunction based on plaintiff's conclusory statements and lack of competent evidence); *Bert v. New York City Bd. of Elections*, Civil Action No. CV-06-4789,

2006 WL 2583741, *3 (E.D.N.Y. Sept. 7, 2006) ("This Court cannot be expected to issue a preliminary injunction on mere conclusory statements by movants.").

**B.   The Secretary Comes to the Court With Unclean Hands.**

Noticeably absent from the Secretary's moving papers is any discussion of Respondents' efforts to cooperate with the DOL's wage and hour investigation of Antico Foods, LLC.  Specifically, the Secretary fails to mention the Respondents provided all documents the Secretary requested and agreed to produce Mr. DiPalma and the company accountant for depositions.  Nonetheless, on September 30, 2014 -- *the day before the aforementioned depositions* -- the Secretary filed the instant application, but *then waited until the next day, after the deposition had concluded, to notify Mr. DiPalma or counsel of the same*.  Such tactics are remarkably underhanded, in bad faith and were obviously employed to obtain a tactical advantage.

The Secretary further evidences the government's heavy-handedness here by taking the position that Defendants are not even entitled to a copy of the aforementioned deposition transcripts prior to having to respond to the Secretary's petition.  Specifically, to prepare their response in this matter, on October 2, 2014, Respondents' counsel requested a copy of the deposition transcript from the Secretary's counsel under Rule 26(b)(3)(C).  The Secretary responded that

Respondents were not entitled to the transcript from the DOL because "[n]o complaint has yet been filed.  It is not yet in discovery, and Rule 26 does not apply."  (Chapman Dec. ¶ 6 & Ex. B.)  This is further evidence of the Secretary's attempt to obtain an injunction by ambush in this case.

Based on the foregoing, the Court should conclude that the Secretary comes to the Court with unclean hands and is not entitled to equitable relief.

**C.   The Secretary Has No Authority to Seek a Preliminary Injunction or Temporary Restraining Order Without an Underlying Cause of Action.**

The Secretary's request must also be denied because it is procedurally improper:

> The first step, in seeking a preliminary injunction, "as in any lawsuit, is to file a complaint.  Only after a complaint has been filed can preliminary injunctive relief be sought."

*Authen Tec, Inc. v. Atrua Technologies, Inc.*, C 08-1423 PJH, 2009 WL 765144, at *2 (N.D. Cal. Mar. 19, 2009) (citing Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2008) § 13:88.)  Under the plain language of the FLSA, the Secretary must file a "complaint" to seek legal or equitable relief against an employer.  *See* 29 U.S.C. §§ 216(b); 217.  Here -- ***as the Secretary's counsel freely admits*** -- the Secretary did not file a complaint against Respondents. (Chapman Dec. ¶ 6 & Ex. B.).  Instead, the Secretary simply filed an "application"

for a temporary restraining order and preliminary injunction.  [See Doc. No. 1.]

No authority exists, however, permitting the Secretary to bring a standalone

"application" for a preliminary injunction without first filing a complaint.  *See*

*Sires v. State of Washington*, 314 F.2d 883, 884 (9th Cir.1963) ("Where there is no

underlying cause of action over which the district court has primary jurisdiction . . .

it may not entertain an application for an injunction."); *Nottleson v. A.O. Smith*

*Corp.*, 397 F. Supp. 928, 933 (E.D. Wis. 1975) ("Where a district court has

jurisdiction of a cause it may, under some circumstances, grant an injunction,

preliminary injunction, or temporary restraining order. But where there is no

underlying cause of action over which the district court has primary jurisdiction, it

may not entertain an application for injunction.") *c.f. TMT North Am., Inc. v.*

*Magic Touch GmbH*, 124 F.3d 876, 881 (7th Cir. 1997) (mentioning that

"magistrate judge did not specify in her memorandum decision precisely which

causes of action were the basis for the preliminary injunction").

Indeed, a "preliminary injunction" is, by its own terms, preliminary to the

ultimate adjudication of the merits of claims that must be properly pleaded in the

complaint.  *See Lambert*, 695 F.2d at 539-40 (stating that purpose of preliminary

injunction is "merely to preserve the relative positions of the parties until a trial on

the merits can be held").  Here, because the Secretary has not pleaded an

underlying cause of action against Respondents, there could never be an ultimate "trial on the merits." *Id.* Thus, the Secretary's request for a "preliminary" injunction is, in reality, a request for a permanent injunction, without due process, as to claims that have not been properly pleaded against Respondents. Accordingly, because the Secretary is not authorized to file a standalone "application" for a preliminary injunction, this Court does not have jurisdiction to consider the Secretary's request for such relief. The Secretary's motion should be denied on this basis alone.

### D. The Secretary Has Failed To Satisfy His Burden or Establish Any Likelihood of Harm to Anyone Other Than Respondents or That The Proposed Relief Would Serve the Public Interest.

Even if the Court had jurisdiction over this matter, it should deny the Secretary's application because it is predicated entirely on vague and inadmissible hearsay which cannot satisfy the Secretary's substantial burden of proof to obtain a restraining order. *Clark v. Merrill Lynch, Pierce, Fenner & Smith*, No. 95-808-CIV-T-17C, 1995 WL 437540, at *2 (M.D. Fla. July 20, 1995) (denying temporary restraining order where movant based relief on unverifiable hearsay). Neither WHI has personal knowledge of the retaliatory acts they allege against Respondents in their affidavits. Rather, the WHIs' accusations of retaliation, intimidation, and interference are no more than a purported recitation of unsworn,

out-of-court statements allegedly made by unidentified current or former employees of Antico.  Further, these rank hearsay accusations are also unreliable because they are vague, speculative and unsubstantiated.  For example, the WHIs' affidavits make boilerplate allegations of retaliation based on phantom employees' assumptions regarding Mr. DiPalma's beliefs.  (*See, e.g.*, Vissman Declaration ¶¶ 11 (referring to "employees" who claimed Mr. DiPalma treated them differently because **the employees believed that Mr. DiPalma believed** they were cooperating with the DOL investigation); Swopes Declaration ¶¶ 11 (same).)  Similarly, the WHI declarations are fatally defective because they fail to identify any of the employees the Secretary contends made these accusations against Respondents or, with one exception, when these alleged incidents occurred in the nearly two months that have elapsed since the Secretary began its investigation on July 9, 2014.  Respondents categorically deny the Secretary's unsupported allegations, which are insufficient to establish that any harm, let alone irreparable harm, will result in the absence of an injunction.  *Clark*, 1995 WL 437540, at *2 (declarations failing to identify customers who were allegedly improperly solicited were insufficient for temporary restraining order).

In fact, the only harm that would result if the Court granted the Secretary's request would be to Respondents and the public. As another court in this Circuit has observed,

> The public interest would not be served were this Court to grant injunctive relief based upon hearsay and unsubstantiated allegations. One of the most critical and precious of the rights accorded the parties in our adversarial judicial system is the requirement that the accuser prove his case according to the standard of proof required.

*Clark* 1995 WL 437540, at \*3. Nonetheless, the Secretary seeks a final ruling on the merits of his application under the preliminary injunction standard without having to meet the standard of proof required to prove an underlying claim. That is, on just two days' notice, after Respondents cooperated fully with the Secretary's investigation and Mr. DiPalma sat for his deposition, the Secretary forced Respondents to respond to the Secretary's request that the Court enter a final gag order against Respondents without any due process in the form of discovery, consideration of Mr. DiPalma's deposition testimony, or cross-examination of undisclosed witnesses. The Secretary thus seeks to deprive Respondents of their right to test the facts alleged in the WHI declarations and the credibility of the unidentified witnesses who purportedly supplied those facts. Such a result would trample Respondents' due process rights and harm the public

interest. *Id.*; *see also All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*,

887 F.2d 1535, 1538 (11th Cir. 1989) ("appellants deprived of a fair and

meaningful opportunity to oppose appellees" motion for preliminary injunction

where appellants only had two days' notice and oral argument instead of additional

time and a full evidentiary hearing); *Four Seasons Hotels and Resorts, B.V. v.*

*Consorcio Barr, S.A.*, 320 F.3d 1205, 1211 (11th Cir. 2003) ("where facts are

bitterly contested and credibility determinations must be made to decide whether

injunctive relief should issue, an evidentiary hearing must be held.")

### E. The Secretary's Proposed Injunction Is Overly Broad and Violates Respondents' First Amendment and Due Process Rights.

An injunction may be denied on the ground that it is unconstitutionally

overbroad and risks restraining protected speech. *See, e.g. Tory v. Cochran*, 544

U.S. 734 (2005) (vacating injunction on ground as overly broad restraint upon

speech); *see also Chandler v. Siegelman*, 230 F.3d 1313 (11th Cir. 2000) (holding

injunction overly broad and restrictive as to prohibitions on speech). Here, through

an overly broad and restrictive preliminary injunction, the Secretary seeks to

prohibit the Respondents from speaking. The Secretary's proposed restrictions

seek to prohibit Respondents "from speaking directly to employees . . . either

directly or through another person acting on his behalf regarding any

communication any employee has or will have with the Secretary about the

pending investigation." (DE 2 at p. 3.) This prohibition constitutes an unconstitutional infringement on Respondents' First Amendment rights. Indeed, "leading First Amendment precedents have established the principle that freedom of speech prohibits the government from telling people what they must say." *Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.*, 547 U.S. 47, 61 (2006). The Secretary's proposed injunction does just that. Accordingly, the restriction on prohibiting Respondents from speaking to Antico's employees interferes with Respondents' First Amendment rights and therefore is unconstitutionally overbroad.

This overly restrictive bar on communications with employees also deprives Respondents of their due process right to present a defense in this very proceeding. The proposed TRO effectively precludes Respondents from establishing the facts to support their defenses in this action (and possibly in other litigation). Remarkably, the proposed TRO does not even allow ***defense counsel*** to speak to employees regarding the DOL investigation.

Because the proposed injunction does not allow any agent of Respondents (attorney or otherwise) to speak with Antico's employees, the Secretary is attempting to further hamstring Respondents' ability to defend themselves against the very serious charges leveled by the Secretary. The Secretary is attempting to

cut off every avenue available to Respondents to present witnesses in their own defense. Such grossly overreaching tactics deprive Respondents of fundamental due process rights. Indeed, while Respondents are entitled to a meaningful opportunity to be heard and present a defense, the proposed injunction's wholesale prohibition on Respondents' communications with its own employees eviscerates Respondents' ability to prepare and present a defense absent potentially numerous costly depositions of potentially every one of Antico's employees.

Further, the proposed TRO's language seeking to prohibit Respondents from speaking to Antico's employees regarding any communication with the Secretary about the pending investigation lacks the clarity required for injunctive relief. No doubt there could be communications that Respondents believe are not about the investigation, but the Secretary could have a contrary view. Under such circumstances, Respondents would run the risk of contempt. Antico is a successful and very busy restaurant open for lunch and dinner seven days a week. An extensive hourly staff is necessary to keep such an operation up and running. Scheduling employees to be at work is an integral part of that operation. Undoubtedly, the topic of overtime is bound to come up. Under the terms of the proposed injunction, however, Respondents may not be able to discuss overtime with Antico employees because that is a subject of the current investigation, but

Respondents must be able to have those conversations to stay in business. Respondents should not have to operate under the constant fear that something they may say during the pressured atmosphere of a busy restaurant may lead to a finding of contempt.

Indeed, this is precisely the risk that courts must guard against: "The Constitution gives significant protection from overbroad laws that chill speech within the First Amendment's vast and privileged sphere." *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 244 (2002). Constitutionally, Respondents cannot be subject to the unbridled discretion of the Secretary in deciding how to speak to its employees to keep Antico running on a daily basis.

**F. The Secretary's Request for Relief is Overreaching and Should be Denied.**

As set forth above, the Secretary's proposed relief is overreaching and further evidence of the Secretary's heavy handed tactics. That is, in an attempt to compromise, the Secretary would not even consent to language stating that Respondents' deny the Secretary's allegations—which is absolutely true and beyond dispute. Accordingly, even if Court determines that the Secretary is entitled to some form of relief, it should adopt the proposed Consent Order Respondents' submitted to the Secretary prior to filing this response. Specifically, the Court should only grant an Order stating the following:

This cause came on for consideration upon the parties' consent to the entry of this Order, without further contest, to compromise the present issues before the Court and avoid the needless expenditure of time and resources.

Whereas, Thomas E. Perez, Secretary of Labor, United States Department of Labor (hereinafter "DOL"), filed the above-captioned matter asserting that Defendants have retaliated against and intimidated employees of Antico Foods, LLC in connection with an ongoing wage and hour investigation by the DOL;

Whereas, Defendants deny the accusations and specifically deny interfering with any DOL investigation, deny that they have at any time intimidated or retaliated against any of their employees for participating with any DOL investigation;

Whereas, Defendants intend to continue to follow the law, cooperate with the DOL investigation, and to continue to not retaliate, intimidate, or interfere with any DOL investigation; and

Whereas, Defendants desire to resolve this matter expeditiously and without further delay and without further interruption to Defendants' business, Defendants agree to the following:

Upon consent by the DOL and Defendants Antico Foods, LLC, and Giovanni DiPalma (hereinafter "Defendants"), it is ORDERED that Defendants, as well as their agents, servants, employees and all persons in active concert or participation with them who receive actual notice of such Order, are enjoined from violating the provisions of the Fair Labor Standards Act, 29 U.S.C. §§201, et. seq., as follows:

1.  Respondents agree that they will not terminate or threaten to terminate, cause any employee to be deported or threaten to cause any employee to be deported, or retaliate or discriminate in any way against current and former employees of Antico Foods, LLC based on Respondents' belief that an employee spoke with, or intends to speak with, a Department of Labor Wage and Hour investigator, filed a complaint with the Department of Labor, or cooperated in any way in the Wage and Hour investigation currently being conducted of Antico Foods, LLC;

2.      Respondents agree that they will not tell anyone who works for them not to speak to representatives of the Department of Labor or to provide false information to the Department of Labor or otherwise coerce employees to make false statements regarding the terms and conditions of their employment;

3.      Defendants will not obstruct the Department of Labor's investigation of Antico Foods, LLC in any manner;

4.      Defendants will permit a designee of the DOL to read aloud in English and Spanish the following statement, to all employees of Defendants during paid work hours and outside of customer hours, informing them of their right to speak, without retaliation or threats of retaliation or intimidation, with DOL investigators regarding the instant investigation:

> You are protected by the Fair Labor Standards Act and have the right to participate freely in the U.S. Department of Labor's investigation into your employer's pay practices. You have the right to speak freely with investigators or other officials from the Department of Labor. Your employer is prohibited from retaliating and will not retaliate against you in any way, including termination of your employment, because you spoke with the Department of Labor.
>
> *Usted está protegido por la Ley de Normas Justas de Trabajo y tiene el derecho de participar libremente en la investigación del Departamento de Trabajo sobre las prácticas de pago por parte de su patrono. Usted tiene el derecho de hablar libremente con investigadores u otras personas del Departamento de Trabajo. Su empleador está prohibido de hacer represalias contra de usted de cualquier manera incluyendo la terminación de usted, porque usted habló con el Departamento de Trabajo.*

5.      Defendants will post at each Antico Foods, LLC worksite a hard copy of the statement referred to in ¶ 4 above, in both English and Spanish;

6. Giovanni DiPalma will not speak to employees of Antico Foods, LLC regarding any communication any employee has or will have with the Department of Labor about the pending investigation of Antico Food, LLC by the Wage and Hour Division.

## III.   CONCLUSION

For the reasons set forth above, Respondents respectfully request that the Court deny the Secretary's application and dismiss this action for want of jurisdiction.  In the alternative, if the Court determines that the Secretary is entitled to relief, it should adopt the restrictions Respondents proposed to resolve this matter before filing this response.   A proposed Order is attached for the Court's convenience.

Respectfully submitted, this 3rd day of October, 2014.


[signatures appear on the next page]

**WARGO & FRENCH LLP**


 s/ *Nathan D. Chapman*
Michael D. Kabat
Nathan D. Chapman
Priya B. Vivian
999 Peachtree Street, NE
26th Floor
Atlanta, Georgia 30309
Tel: (404) 853-1500
Fax: (404) 853-1501
E-mail: mkabat@wargofrench.com
         nchapman@wargofrench.com
         pvivian@wargofrench.com

*Attorneys for Respondents Antico*
*Foods, LLC and Giovanni DiPalma*

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2014, I filed the foregoing document with the Court via CM/ECF, which will deliver electronic notice to all counsel of record as follows:

Kristin R. Murphy
Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, Georgia 30303

 s/ *Nathan D. Chapman*
Nathan D. Chapman