IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS E. PEREZ<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>      Petitioner,<br><br>  v.<br><br>ANTICO FOODS, LLC, and<br>GIOVANNI DIPALMA,<br><br>      Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:14-cv-3143-SCJ<br>)<br>)<br>)<br>)<br>)<br>) |

**RESPONDENTS' NOTICE OF FILING OF DECLARATIONS AND SUPPLEMENTAL OPPOSITION TO PETITIONER'S APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Respondents Antico Foods, LLC and Giovanni DiPalma ("Respondents") respectfully submit this Supplement to their Opposition To Petitioner's Application For A Temporary Restraining Order And Order For Respondents To Show Cause Why A Preliminary Injunction Should Not Issue ("Opposition") filed on Friday, October 3, 2014, in light of new evidence obtained after filing.

After filing its Opposition, Respondents learned that the DOL investigators should have known that at least some of the allegations underlying the DOL investigators' affidavits were false. The DOL alleged

1

that "Defendant DiPalma terminated employees on August 2014 because he believed those employees spoke with Wage and Hour." (DE 2-1 at 5; *see also* Affidavit of Ashley Swopes ("Swopes Aff.") ¶ 12(e) (referencing an incident occurring on August 30th).) Indeed, the DOL has argued that this alleged termination was "of greatest concern" and was the DOL's primary justification for depriving Mr. DiPalma of a reasonable opportunity to address the DOL's accusations against him. (DE 2-1 at 5.) Notably, however, three different employees who witnessed the incident on August 30th told DOL investigator Ashley Swopes that:

- The employees at issue had quit, not been terminated;
- Two of the employees quit after they argued with Mr. DiPalma about the whereabouts of their daughter and son-in-law, who failed to show up for work during the busy Labor Day weekend;
- After these witnesses informed Ms. Swopes, in response to her inquiry about the termination of the employees at issue, that the employees had **not** been terminated, she failed to ask them whether the August 30th argument even involved the DOL investigation. Had she done so, they would have told her that the argument did not involve the DOL investigation, but instead involved the failure of two of the employees to show up for work.

2

(Declaration of Terrance Mims ("Mims Decl.") ¶ 23; Declaration of Kibon Martin ("Martin Decl.") ¶ 23; Declaration of Sergio Najera-Solano ("Najera-Solano Decl.") ¶ 23.)[1]

These and other employees also refute the DOL's other hearsay "allegations" regarding Mr. DiPalma and the working environment at Antico Foods. That is, employees Kibon Martin, Terrance Mims, Sergio Najera-Solano, Aregash Aknaw, Gaspar Matias, Luis Alberto Bonilla, and Sinayte Nerea, all state, among other facts, that:

- Mr. DiPalma did not grab or physically engage with any employees at any time;
- Mr. DiPalma did not tell his employees to lie to the DOL investigators about anything, including the number of hours they worked or who their employer was;
- Mr. DiPalma did not tell employees to leave the premises because he did not want them to speak to the DOL;
- Mr. DiPalma has not terminated, threatened, or retaliated against any employee who he believed was cooperating with the DOL;

---

[1] True and correct copies of the Declarations of Terrance Mims, Kibon Martin, and Sergio Najera-Solano are attached hereto as Exhibits A-C, respectively.

3

- Employees have not had their wages withheld or delayed because Mr. DiPalma believed they were cooperating with the DOL; and

- Mr. DiPalma did not threaten to fire or deport employees because he thought they were cooperating with the DOL.

(Mims Decl. ¶¶ 4-18, 22; Martin Decl. 4-18, 22; Najera-Solano Decl. ¶¶ 4-18, 22; Declaration of Aregash Akanw ¶¶ 4-18; Declaration of Gaspar Matias ¶¶ 4-18; Declaration of Luis Alberto Bonilla ¶¶ 4-18; Declaration of Sinayte Nerea ¶¶ 4-18.)[2]

Thus, ***overwhelming evidence*** demonstrates not only that the DOL's hearsay accusations are entirely false, but that the DOL engaged in a selective disclosure of their investigation to the Court. Indeed, ***the declarations obtained by Respondents are the only credible, admissible evidence before the Court***, given that the DOL has attempted to proceed on nothing more than rank, speculative (and false) hearsay from undisclosed sources. Accordingly, the DOL's Petition must be rejected on multiple grounds, including: (1) they cannot meet the high burden for the relief they seek given that the evidence exposes their accusations as false; and (2) the DOL's inequitable tactics and selective disclosure of their investigation to the Court bars them from the equitable relief they demand. *See Morgan*

---

[2] True and correct copies of the Akanw, Matias, Bonilla, and Nerea Declarations are attached hereto as Exhibits D-G, respectively.

*Stanley DW, Inc. v. Frisby*, 163 F. Supp. 2d 1371, 1380 (N.D. Ga. 2001) (plaintiff's own unclean hands prevented it from seeking equitable relief with Court).

Finally, as noted in Respondents' initial Opposition, Respondents previously offered to consent to some of the relief demanded by the DOL because: (1) Respondents had not engaged in the conduct alleged and had no intent to engage in any such conduct in the future; and (2) Respondents sought to avoid the substantial expenditure of resources and distraction to Respondents' business operations that would be incurred in having to prepare for and conduct the hearing this matter.  Accordingly, Respondents hereby withdraw their offer to consent to any of the relief demanded by the DOL.  Accordingly, because the evidence precludes all of the relief sought by the DOL, Respondents respectfully request that the DOL's Petition be denied in its entirety.

Respectfully submitted, this 6th day of October, 2014.

**WARGO & FRENCH LLP**

 **s/ *Nathan D. Chapman*** 
**Michael D. Kabat**
**Nathan D. Chapman**
**Priya B. Vivian**
**999 Peachtree Street, NE**
**26th Floor**
**Atlanta, Georgia 30309**
**Tel: (404) 853-1500**

**Fax: (404) 853-1501**
**E-mail:** mkabat@wargofrench.com
nchapman@wargofrench.com
pvivian@wargofrench.com

*Attorneys for Respondents*
*Antico Foods, LLC and*
*Giovanni DiPalma*

# CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2014, I filed the foregoing document with the Court via CM/ECF, which will deliver electronic notice to all counsel of record as follows:

    Kristin R. Murphy
    Office of the Solicitor
    U.S. Department of Labor
    61 Forsyth Street, S.W.
    Room 7T10
    Atlanta, Georgia 30303

                                            s/ *Nathan D. Chapman*
                                                Nathan D. Chapman